J-A10004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH HENDERSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIA KARDOSH | : | |
| | : | |
| Appellant | : | No. 2012 EDA 2025 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARY ELLEN KARDOSH AND WILLIAM | : | |
| KARDOSH | : | |

Appeal from the Order Entered July 8, 2025
In the Court of Common Pleas of Chester County
Civil Division at No: 2020-05201-CU

BEFORE:  STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 7, 2026**

Appellant, Julia Kardosh ("Mother"), appeals from the final custody order entered on July 3, 2025, by the Court of Common Pleas of Chester County.[1] She challenges the court's August 28, 2024, order awarding Appellees Mary Ellen and William Kardosh ("Maternal Grandparents") attorney fees.  Upon review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] This appeal is one of four appeals from the July 3, 2025, final custody order. **See** 1874 EDA 2024 (Father's appeal), 2013 EDA 2024 (Mother's second appeal), and 2065 EDA 2025 (Maternal Grandparents' appeal).

This case has a very long and tortious history that has resulted in several custody orders over the years.[2] Relevant to this appeal, on June 4, 2024, Maternal Grandparents filed a petition for counsel fees. The basis of the petition was that after Appellee Joseph Henderson's ("Father") preliminary objections to Maternal Grandparents' standing were overruled, Mother continued to challenge their standing through various pleadings. Essentially, Maternal Grandparents argued that Mother should have known that her challenge to their standing was frivolous based on the history of the case. On July 31, 2024, Maternal Grandparents filed an amended petition for counsel fees. A hearing was held on August 9, 2024. Thereafter, on August 28, 2024, the trial court awarded Maternal Grandparents attorney fees in the amount of $3,571.87.

Mother appeals the August 28, 2024[3], order and raises the following issues for our consideration:

1. Did the trial court err in awarding counsel fees under 42 Pa.C.S. § 2503 without making a finding that [Mother's] filings were frivolous, vexatious, or made in bad faith?

---

[2] **See** 2065 EDA 2025 for a comprehensive timeline of the procedural history in this case.

[3] The August 28, 2024, order was interlocutory until the final custody order was entered on July 3, 2025. **See J.C.D. v. A.L.R.**, 303 A.3d 425, 432 (Pa. 2023) ("Parents may appeal the trial court's Standing Order once a final custody order has been entered."); **Beltran v. Piersody**, 748 A.2d 715 (Pa. Super. 2000) (quashing appeal from order granting intervenor status as interlocutory).

2. Did the trial court deny [Mother] due process by dismissing her preliminary objections without a hearing and refusing to consider her evidence or the legal basis for her filing?

3. Did the trial court commit legal and factual error by attributing responsibility for filings made by the children's father to [Mother], and using his conduct to justify sanctions against her?

4. Did the trial court base its fee award on materially inaccurate representation of the custody case history – namely, that the [Maternal Grandparents] had sole custody since 2021 – despite evidence to the contrary?

5. Did the court abuse its discretion by penalizing [Mother] for re-filing an amended preliminary objection that contained only corrected typos, a missing exhibit, and an adjusted title – due solely to procedural delays in docketing by court staff?

6. Does it constitute abuse of discretion to treat a timely amended pleading as a "new filing" solely because the document was held in chambers for eight weeks instead of being docketed when the amendments were submitted within twenty days, but the delay caused them to appear outside the filing window?

7. Did the trial court err by refusing to hold a hearing on the preliminary objections at trial, despite the Superior Court's statement that [Mother] would have an opportunity to raise them during the proceedings?

8. Do [Mother's] preliminary objections – which detail irrefutable fraud, attorney misconduct, and jurisdictional defects – warrant a hearing under Pa.R.C[iv].P. 1028, and does the court's concealment of these issues amount to fraud upon the court?

Mother's Brief, at 5-6.

In Mother's first issue, she argues that the trial court erred in awarding Maternal Grandparents attorney fees without making a finding that her filings were frivolous, vexatious, or made in bad faith. *See* Mother's Brief, at 20-22.

- 3 -

"Our standard of review of an award of counsel fees is well-settled: we will not disturb a trial court's determination absent an abuse of discretion. A trial court has abused its discretion if it failed to follow proper legal principles or misapplied the law." *Moyer v. Leone*, 260 A.3d 245, 251-52 (Pa. Super. 2021). "[T]he aim of the rule permitting the recovery of counsel fees is to sanction those who knowingly raise, in bad faith, frivolous claims which have no reasonable probability of success, for the purpose of harassing, obstructing or delaying the opposing party." *In re Estate of Simpson*, 305 A.3d 176, 186 (Pa. Super. 2023).

Here, the trial court found that counsel fees were warranted under 23 Pa.C.S.A. § 2503, which provides, in part:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> * * * *
>
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.
>
> * * * *
>
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious, or in bad faith.

23 Pa.C.S.A. § 2503(7), (9). An award under either of these statutory provisions must be supported by a specific finding of such conduct. *Simpson*, 305 A.3d at 187.

"A party's conduct has been vexatious if he [or she] brought or continued a lawsuit without legal or factual grounds and if the suit served only to cause annoyance." *Simpson*, 305 A.3d at 185-86. This Court has found a party's conduct vexatious where the party was clearly aware that the pleading lacked any legal basis and yet pursued the claim regardless. *See, generally, Scalia v. Erie Ins. Exch.*, 878 A.2d 114 (Pa. Super. 2005). "Obdurate is defined . . . as unyielding; stubborn." *Simpson*, 305 A.3d at 186.

Here, the trial court awarded counsels fees because "Mother continued to refuse to accept the court's prior decisions on [the issue of Maternal Grandparents' standing] and engaged in conduct that was arbitrary, vexatious, and obdurate." Order, 8/28/24, fn.1. In so finding, the court noted that Maternal Grandparents were granted standing in December 2020 after a hearing. Mother did not appeal this order upon entry of the final custody order in June 2021. Maternal Grandparents then filed a petition to modify custody in August 2023. Thereafter,

> Mother, without any change in circumstances or facts, continued to file pleadings regarding issues of jurisdiction, venue and standing, which included a "Motion in limine – Preliminary Objection to [Maternal] Grandparents' Standing" on May 9, 2024, two untitled filings raising these issues on May 20, 2024, and Amended Preliminary Objections on July 16, 2024, and July 19, 2024. Of note and significant to the context and circumstances surrounding Mother's conduct, Father likewise continued to pursue the issue of [Maternal] Grandparents' standing repeatedly since 2020. As a result, [Maternal] Grandparents filed a Petition for Fees as it related to Father's conduct and after a hearing on June

3, 2024, the court granted in part the Petition by (Order, dtd. 7/1/24) and set forth in the footnote the basis for its decision.

Despite the court's detailed discussion in its July 2024[,] Order, Mother continued to refuse to accept the court's prior decisions on these very issues and engaged in conduct that was arbitrary, vexatious and obdurate. Accordingly, [Maternal] Grandparents are entitled to a portion of the attorney's fees incurred in defending against Mother's inappropriate filings.

Order, 8/28/24, fn.1.

Based on our review of the record, we conclude the trial court did not abuse its discretion. Since Maternal Grandparents' standing was established in December 2020, both Mother and Father repeatedly filed pleadings challenging that decision. Maternal Grandparents' request to counsel fees due to defending against Father's pleadings challenging their standing was litigated first. Therefore, Mother was aware that her pleadings lacked any legal basis and yet she continued to contest Maternal Grandparents' standing without any change in circumstances. No relief is due.

Issues two, three, five, six, seven, and eight are waived because they were not included in the argument section of Mother's appellate brief. **See** Pa.R.Civ.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"); **Lackner v. Glosser**, 892 A.2d 21, 29 (Pa. Super. 2006) ("Appellate arguments which fail to adhere to [the Rules of Civil Procedure] may be considered waived.").

In issue four, Mother contends that the court's order misstates that the Maternal Grandparents have had sole custody of the children since 2021. **See**

Mother's Brief, at 24. We cannot locate any such language in the August 28, 2024, order. Therefore, no relief is due.

Order awarding counsel fees affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/7/2026